IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

TERRION D. HERMAN,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 2:16-cv-02202-JES

**ORDER**

Before the Court are the Petitioner, Terrion Herman's, *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (D. 1),[1] the Respondent, the United States of America's, Response (D. 4), and the Petitioner's Reply (D. 5). For the reasons set forth below, the Petitioner's § 2255 Motion is DENIED and the Court declines to issue a certificate of appealability. This matter is now terminated.

In 2010, the Urbana Police Department obtained a search warrant to search the Petitioner's apartment for illegal narcotics. Part of the basis for the warrant was a positive alert by a trained narcotics detection canine on the Petitioner's door. The canine detected the odor while in a common hallway of the Petitioner's apartment building. Officers executed the search warrant, found 93.8 grams of crack cocaine, and arrested the Petitioner. In 2011, a jury found the Petitioner guilty of possession of 50 grams or more of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). (Cr. D. 46)[2]. At trial, the Petitioner did argue, unsuccessfully, that he was entitled to a motion to suppress evidence. (Cr.

---

[1] Citations to the Docket in this case are abbreviated as "D. __."
[2] Citations to the Docket from Petitioner's Criminal Case, 10-CR-20003, are abbreviated as "Cr. D. __."

D. 19). None of his arguments were based on grounds that the canine sniff violated his Fourth Amendment rights. The Court sentenced the Petitioner to life in prison and a $100 assessment. (Cr. D. 53).

On his first direct appeal in 2012, the Petitioner did not argue that his Fourth Amendment rights were violated. Instead, he challenged his sentence pursuant to *Dorsey v. United States*, 567 U.S. 260 (2012). The Seventh Circuit granted a Joint Motion to Remand in January 2013, specifically for the purpose of resentencing. (Cr. D. 72). In March 2013, the Supreme Court ruled that the "government's use of trained police dogs to investigate the home and its immediate surroundings is a 'search' within the meaning of the Fourth Amendment." *Florida v. Jardines*, 569 U.S. 1, 11-12 (2013).

In May 2013, the Petitioner filed a Motion to Reopen Suppression Proceedings based on the Supreme Court's ruling in *Jardines*. (Cr. D. 74). The Court initially granted the Petitioner's Motion. (Cr. D. 80). The Government filed a Motion to Reconsider (Cr. D. 81), however, which the Court subsequently granted, vacating its prior order (Cr. D. 87). The Court explicitly found that there were no extraordinary facts in the Petitioner's case which warranted a new suppression hearing. *Id.* at pp. 2-3. The Court sentenced the Petitioner to 360 months' imprisonment. (Cr. D. 89).

In November 2014, the Seventh Circuit affirmed the Petitioner's conviction on his second direct appeal, noting its prior holding in *United State v. Gutierrez*, 760 F.3d 750 (7th Cir. 2014), that "under circuit law the use of the dog was proper before *Jardines*[.]" *United States v. Herman*, 588 Fed. Appx. 493, 494 (7th Cir. 2014). According to the Seventh Circuit, this triggered the rule in *Davis v. United States*, 564 U.S. 229 (2011), which holds that "the

2

exclusionary rule cannot be used to suppress evidence that had been properly seized under authoritative precedent, even if that precedent later is overruled or otherwise disapproved." *Id.* (citing *Davis*, 564 U.S. at 231-32). The Supreme Court denied the Petitioner's petition for a writ of *certiorari* on February 23, 2015. (No. 13-3210).

In June 2016, the Petitioner moved pursuant to 28 U.S.C. § 2255 to have his sentence vacated, set aside, or corrected. (D. 1). Once again, he argued that *Jardines* applied to his case, this time in light of the Seventh Circuits recent ruling in *United States v. Whitaker*, 820 F.3d 849 (7th Cir. 2016), which applied *Jardines*. *Id.* The Government responded, asserting that the Petitioner's claim was untimely, not cognizable on collateral review, and already addressed on direct appeal. (D. 4 at pp. 7-10).

Section 2255's one-year limitation period starts to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Accordingly, the Petitioner's § 2255 Petition must have been filed by February 23, 2016—one year after the Supreme Court denied his petition for a writ of *certiorari*—in order to be deemed timely. Relevant to the Petitioner's claim here, the one-year limitation period begins anew only when a right asserted is newly recognized by the Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2255(f)(3). Even if *Jardines* recognized a new right, it was decided in 2013, clearly more than one year before the Petitioner filed his present grievance. Likewise, *Whitaker* is not a Supreme Court case capable of starting a fresh clock. Here, the Petition at issue was filed in June 2016. Therefore, it is not timely and is not properly before the Court. Thus, the Petition (D. 1) is DENIED.

The Court further notes that Rule 11(a) of the Rules Governing § 2255 Proceedings directs district courts to either issue or deny a certificate of appealability when entering a final order adverse to the applicant. To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). "When the district court denie[s] a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist could conclude that the Petitioner filed his § 2255 Petition in a timely manner. Accordingly, this Court will not issue a certificate of appealability. This matter is now terminated.

*It is so ordered.*

Entered on November 16, 2017

<u>s/ James E. Shadid</u>
James E. Shadid
Chief United States District Judge